Signed: October 05, 2007



_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 07-41274 EDJ |
| REJ PROPERTIES, INC., | Chapter 11 |
|          Debtor.    / | |
| JOHN and BERNADETTE SRAMEK, | Adv. No. 07-4076 |
|          Plaintiffs, | |
| vs. | |
| ROBERT E. JACOBSEN, et al., | |
|          Defendants./ | |

<u>MEMORANDUM RE: MOTION FOR SANCTIONS</u>

    Plaintiffs John and Bernadette Sramek ("Plaintiffs") filed a motion for sanctions against Defendants' counsel Elisa Aldecoa ("Aldecoa") and her employer Hayes, Davis, Bonino, Ellingson, McLay, & Scott ("Hayes, Davis"). The court will grant Plaintiffs' motion.

    On March 12, 2007, REJ Properties, Inc. ("Debtor") filed a petition under Chapter 11 in the District of Nevada, Las Vegas

MEMORANDUM RE MOTION FOR SANCTIONS

Division.[1] On April 18, 2007, the court transferred the case to the Northern District of California, Oakland Division. On June 4, 2007, the court dismissed the case, with prejudice, as a bad faith filing. On July 23, 2007, Plaintiffs filed the instant motion for sanctions against Aldecoa and Hayes, Davis (collectively referred to as "Debtor's counsel").

Plaintiffs' motion alleges that Debtor's counsel filed the petition in violation of Rule 9011.[2] Specifically, Plaintiffs allege that Debtor's counsel violated Rules 9011(b)(1) and 9011(b)(2). The court will address each of these issues separately.

Plaintiffs allege Debtor's counsel violated Rule 9011(b)(1) by filing Debtor's petition for an improper purpose.[3] Plaintiffs argue

---

[1] This case is therefore governed by the Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which applies to bankruptcy cases filed on or after October 17, 2005. All section references herein are to the Bankruptcy Code, 11 U.S.C. § 101 et. seq., as amended by BAPCPA. All Rule references herein are to the Federal Rules of Bankruptcy Procedure.

[2] It is undisputed that the petition was signed by Aledecoa, on behalf of herself, Brian Davis, and the firm of Hayes, Davis.

[3] Rule 9011(b)(1) provides, in relevant part:
(b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition ... an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances -
   (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

MEMORANDUM RE MOTION FOR SANCTIONS       2

that the petition was filed solely to hinder or delay the state court litigation between Debtor and Plaintiffs. For example, the petition was filed on the same day the deposition of Debtor's former principal was to take place. In addition, Debtor's counsel had recently requested a stay of the state court proceedings, which request had been denied. By filing a bankruptcy petition, Debtor was able to benefit from the automatic stay of §362 and stay the state court litigation. Lastly, Plaintiffs argue that Debtor's counsel filed the petition in Nevada, which necessitated a motion to transfer, solely to cause additional delay and expense.

Debtor's counsel responds by saying there was no undue delay of the state court litigation. They argue that while the deposition was to take place that week, trial was still two months away. Debtor's counsel also argues that Debtor properly filed in Nevada, because that is where Debtor is incorporated.[4] Thus, any delay caused by the place Debtor filed the petition is not undue delay or sanctionable. Lastly, Debtor filed the petition for a proper purpose – to reorganize its assets and debts, so that it could better face the state court litigation.

The court finds Debtor's counsel's arguments unpersuasive. It is undisputed that Debtor's counsel knew about the upcoming hearings

---

[4] Judge Nakagawa's order transferring the case notes that the filing of the petition in Nevada, rather than California, was not improper, since Nevada is the state of Debtor's incorporation. However, California is a better venue, given the nature of the assets, debts, and litigation.

MEMORANDUM RE MOTION FOR SANCTIONS 3

and deadlines in the state court litigation. Yet, they chose to file the petition the same week of a deposition and just two months prior to trial. Debtor had no reason to file the petition, other than to delay the state court litigation. This is a clear violation of Rule 9011(b)(1).

Plaintiffs also allege that Debtor's counsel filed the petition frivolously, in violation of Rule 9011(b)(2).[5] Plaintiffs support their claim by showing that Debtor was solvent when Debtor's counsel filed the petition, there are no U.S. based assets to reorganize, and there are only two creditors - Plaintiffs and an alleged Guatemalan creditor.

Debtor's counsel responds by stating "Hayes, Davis believed that REJ's assets and debts could be reorganized."[6] They also argue that they relied on the opinion of another attorney, David Riggi, who allegedly opined that Debtor could be reorganized. Therefore, they argue, the petition was not filed frivolously.

The court again disagrees. Debtor's counsel provides no factual or legal support for the proposition that Debtor could

---

[5] Rule 9011(b)(2) provides, in relevant part:
(b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition ... an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances -
  (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument ...

[6] Opposition to Motion for Sanctions 5.

MEMORANDUM RE MOTION FOR SANCTIONS    4

reorganize. Nor do they explain how Mr. Riggi reached the alleged conclusion that Debtor could successfully reorganize.[7] Moreover, even if Mr. Riggi did express his belief that Debtor could reorganize, Rule 9011 does not allow counsel to avoid responsibility by claiming that they relied on another attorney's opinion.[8] Rather, Debtor's counsel had a duty to investigate the law and facts of the case to ensure counsel did not put forth a frivolous argument or file a frivolous petition.[9] Finally, Debtor's counsel's subjective belief about Debtor's prospects for reorganization is not relevant; rather, determinations under Rule 9011 must be based on an

---

[7]The only evidence proffered in support of his belief is Elisa Aldecoa's declaration in opposition to Plaintiffs' motion for sanctions. Plaintiffs rightly objected to that part of Aldecoa's declaration as hearsay. The court agrees and will sustain their objection.

[8]*See Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120 (1989) (applying this standard to similar language found in Fed. R. Civ. Pro. 11 and holding that an attorney cannot delegate his or her duty to validate the truth and legal reasonableness of papers filed with the court). *See, also, Bus. Guides, Inc. v. Chromatic Communications Enters., Inc.,* 498 U.S. 533, 546-47 (1991); *Triad Sys. Corp. v. Southeastern Express Co.*, 64 F.3d 1330 (9th Cir. 1995); Notes of Advisory Comm. on 1997 amendment to Fed. R. Bankr. Pro. 9011 and Notes of Advisory Comm. on 1993 amendments to Fed. R. Civ. Pro. 11: "The person signing, filing, submitting, or advocating a document has a nondelegable responsibility to the court, and in most situations should be sanctioned for a violation. Absent exceptional circumstances, a law firm is to be held also responsible when ... one of its partners, associates, or employees is determined to have violated the rule."

[9]Rule 9011. *See Pavelic* at 125.

objective standard.[10] Here, all the objective factors point to Debtor having neither the need nor the ability to reorganize at the time Debtor's counsel filed the petition. Debtor's counsel therefore filed the petition frivolously and in violation of Rule 9011(b)(2).

The test for sanctions under Rule 9011 is stated in *In re Silberkraus*. 336 F.3d 864 (9th Cir. 2003).[11] In determining whether sanctions are warranted, the court must consider "both frivolousness *and* improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other." *Id.* at 870, citing *In re Marsch*, 36 F.3d 825,830 (9th Cir. 1994) (emphasis in original). It is clear that Debtor's sole reason for filing this case was an improper purpose - to delay the state court litigation. It is also clear that the filing of Debtor's petition was not "warranted by existing law" nor by some other "nonfrivolous argument," and thus was frivolous. Rule 9011(b)(2). Therefore, following the Ninth Circuit's sliding scale test, sanctions are warranted.

---

[10] Under Rule 9011, "attorney conduct is measured objectively against a reasonableness standard, which consists of a competent attorney admitted to practice before the involved court." *In re Grantham Bros.*, 922 F.2d 1438, 1441 (9th Cir. 1991).

[11] The court disagrees with Debtor's counsel's assertion that *In re Silberkraus* is distinguishable. They raise two arguments: the trial date is farther away here than in *Silberkraus*, and the debtor in *Silberkraus* eventually admitted the reorganization was impossible, whereas here neither Debtor nor Debtor's counsel have so admitted. The court finds both of these differences insignificant.

Plaintiffs request sanctions in the amount of $27,152.74. This amount is a calculation of Plaintiffs' attorney's fees and costs relating to the bankruptcy. As the court in *In re Marsch* noted, "a restitutionary award compensating the opposing party for unnecessary litigation expenses ... is a particularly appropriate sanction in cases involving manipulative petitions filed principally for purposes of delay and harassment." 36 F.3d at 831. The court finds the $27,152.74 amount appropriate.

Therefore, the court will issue its order granting Plaintiffs' motion for sanctions against Aldecoa and Hayes, Davis.

**END OF ORDER**

COURT SERVICE LIST

All Recipients